MOORE, Chief Justice
(dissenting).
I respectfully dissent from the denial of the petition for a writ of certiorari filed by A.B.C. (“the mother”). The Colbert Juvenile Court' ("the juvenile court”) determined that the mother’s minor child was dependent. The mother appealed that judgment to the Court of Civil Appeals. The Court of Civil Appeals unanimously affirmed the juvenile court’s judgment, without an opinion. A.B.C. v. L.G. (No. 2140497, November 6, 2015), — So.3d — (Ala.Civ.App.2015) (table). The mother now petitions this Court for certio-rari review of the Court of Civil Appeals’ decision. I would grant the mother’s petition to review the merits of her argument that the child was not dependent.
As presented in her petition, the only faet that reflects negatively on the mother involves an incident during which, the mother says, “shots were fired” and her husband, the child’s father, lost his life. The mother does not state whether she fired the shots or whether her husband was murdered by someone else. The remaining facts, as presented in her petition, favor the mother. Those facts are as follows.
One of the child’s foster parents testified at the dependency hearing that the mother was exercising unsupervised visits with the child, that the foster parents had no problem with the child after he returned from the mother’s home after those unsupervised visits, and that, in that parent’s opinion, the mother was “making strides.” During the pendency of this case the mother maintained stable housing, transportation, and sobriety. The mother claims that she testified that she was employed at a Marriot hotel and at Logan’s Steakhouse and that she made “at least $30 a day but [that] if she worked nights, she made substantially more”; she also testified that she “made approximately $400 per week, or nearly $1,600 per month.”
The mother completed outpatient treatment, presumably for addiction, at Alethia House and at an after-care program at Freedom House. The mother also submitted to numerous drug screens at the Colbert County Community Corrections Center, all of which came back negative. Amy Brown from the Colbert County Community Corrections Center testified that the mother had undergone at least six drug screens at the Colbert County Corrections Center.
Mary Beth Barnowsky, a counselor with Alethia House, testified that she has spent nearly 175 hours counseling the mother about addiction and sobriety; that she gave the mother “an assessment” in December 2014, placed the mother in an outpatient-treatment program, and has worked with the mother ever since; that the mother had done a good job of coping with her grief, presumably over the death of her husband, and of maintaining her sobriety for over four months; that, because the mother was maintaining stable housing with access to transportation, participating in a narcotics-anonymous program, and holding a job, the mother was considered stable; that the mother’s treatment involved parenting-skills counseling; and that the mother was 100% committed to parenting her child.
Brenda Tucker, the director at Freedom House, testified that she believed the mother was 100% dedicated to recovery; that the mother was enrolled in an aftercare program that included relapse prevention; and that the mother was not *16-20 showing signs of relapse while being treated at Freedom House.
Kay Parker testified that she was a licensed professional counselor with a master’s degree in counseling from the University of North Alabama. She stated that the child and the mother had been coming to her for grief counseling, that the mother is proactive in helping the child cope with his grief, presumably over the death of his father, and that she was the only adult actively assisting the mother with helping the child cope with grief.
Given the gravity of cases involving dependency and parental rights, I would grant the discretionary writ to review the record to determine the merits of the mother’s argument that the child was not dependent.